Pepe v. Pepe

C.P. of Berks County, no. 10-9464.

*Terry D. Weiler,* for plaintiff.
*Ashley M. Eckert,* for defendant.

LASH, *J.,* September 9, 2010—The matter before this court is the preliminary objection of plaintiff, Isis I. Pepe (Mother), to the petition of defendant, Joseph W. Pepe, Sr. (Father), to modify custody order. Mother contends that Father's petition to modify was improperly filed in Berks County, as venue is proper in Schuylkill County, where previous proceedings were held and a final order was entered on December 4, 2008. It is this order which Father seeks to modify.

The parties are the parents of two minor children, Zachary, born September 10, 1999, and Isabel, born April 18, 2001, (minor children). The parties were formerly married, receiving a divorce from Schuylkill County Court on May 3, 2007.

A custody action was filed in Schuylkill County where the parties resided at that time. Sometime in 2007, during the pendency of the proceedings, Mother moved with

the minor children to Berks County, Pennsylvania. Father continued to reside in Schuylkill County.

On or about September 21, 2007, the Schuylkill County court entered a custody order providing that Father would have primary custody, with Mother to have partial custody. This order was temporary, pending final disposition.

Trial was subsequently held before the Schuylkill County court. The court then issued its final order, dated December 4, 2008, awarding primary custody to Mother, with Father to have partial physical custody. Father appealed the decision, which was affirmed by the Pennsylvania Superior Court. As a result of the order of December 4, 2008, the minor children moved into Mother's residence in Berks County, Pennsylvania, and have continued to reside in Berks County since that time.

On or about May 19, 2010, Father filed the within petition to modify the custody order arguing, among other things, that the current order is no longer in the minor children's best interests. Mother then filed her preliminary objection, alleging that the petition to modify should be heard by Schuylkill County court as Schuylkill County court has been involved in all previous proceedings and is familiar with the case. Mother also alleged that Father was seeking a more favorable forum.

Father responded by arguing that Berks County court is, in fact, the proper venue, that is also a more convenient forum, as the minor children and Mother reside in Berks County, and the minor children's teachers, therapists, and doctors are located in Berks County. Father denies that he is forum shopping. Argument on the preliminary objection was held on September 1, 2010.

Issues venue are governed by Pa.R.C.P. 1915.2. The provision applicable to this proceeding is 1915.2(a)(1), which states:

"(a) An action may be brought in any county

"(1)(i) which is the home county of the child at the time of commencement of the proceeding, or

"(ii) which had been the child's home county within six months before commencement of the proceeding and the child is absent from the county but a parent or person acting as parent continues to live in the county;" [1]

"Home county" is defined, in pertinent part, in Pa.R.C.P. 1915.1 to mean:

"the county in which the child immediately preceding the time involved lived with the child's parents, a parent, or a person acting as parent, or in an institution, for at least six consecutive months, and in the case of a child less than six months old, the county in which the child lived from birth with any of the persons mentioned. . . .

It is apparent that Berks County is now the home county of the minor children.

Mother's argument stems from her belief that the Schuylkill County court should have priority to hear the petition to modify based on the previous action. This is grounded on the concept that custody matters, including final orders, are always subject to modification. As such, a court of proper jurisdiction and venue in previous matters should have continuing jurisdiction over the parties.

---

1. Pa.R.C.P. 1915.2(a) also sets forth additional provisions for venue, none of which are applicable here.

We look to the definition of "action" set forth in Pa.R.C.P. 1915.1. Action is defined to mean "all proceedings for custody, partial custody or visitation, and proceedings for modification of prior orders of any court." Thus, while a petition to modify a custody order may involve the same parties and children as the original action and seeks to modify an order entered in said original action, the petition to modify is nevertheless, by definition, considered a separate, independent action.

Further, there is no provision in Pa.R.C.P. 1915.2 allowing venue for a county based simply on its involvement in previous proceedings. Accordingly, the fact that Schuylkill County court was involved in protracted proceedings of the parties and a custody trial does not in and of itself qualify Schuylkill County as a court of proper venue to hear the petition to modify.

As the minor children have not been a resident of Schuylkill County for over 20 months, Schuylkill County no longer qualifies as a home county of the minor children and does not possess venue. Berks County is therefore, the only proper venue.

Mother also argues that under Pa.R.C.P. 1915.2(c), relating to a court transferring an action to an appropriate court of another county, the issue of venue is for the Schuylkill County court to decide. The proper procedure therefore would be to file the petition to modify in Schuylkill County, and request Schuylkill County transfer the matter to Berks County. However, 1915.2(c) relates to the transfer of pending actions. As the Schuylkill County action is no longer pending and as the only action pending is the matter before Berks County court, this rule is not applicable.

## ORDER

And now, September 9, 2010, upon consideration of the preliminary objections of plaintiff to defendant's petition to modify custody order, response thereto, briefs filed by the parties and after argument held, the preliminary objections are overruled.